**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Angelo Ojeda and Carmen Rosa Torres Ojeda,<br><br>            Plaintiffs,<br><br>v.<br><br>Alfonso Mendez, et al.,<br><br>            Defendants. | No.  CV-20-1615-PHX-DGC<br><br>**ORDER** |

   Plaintiffs Michael Angelo Ojeda and Carmen Rosa Torres Ojeda, who are residents of Brooklyn, New York, bring this pro se action against Officer Alfonso Mendez, the New York City Police Department, and others, alleging violations of federal law arising out of the death of their daughter, Briana.  Doc. 1.  For reasons stated below, the Court will transfer this case to the United States District Court for the Eastern District of New York for all further proceedings.

   Because Plaintiffs assert federal question jurisdiction, the general venue statute, 28 U.S.C. § 1391(b), applies to this action.  *See King v. Russell*, 963 F.2d 1301, 1303 (9th Cir. 1992).  That statute provides that a civil action may be brought only in "a judicial district where any defendant resides, if all defendants reside in the same State, [or] a judicial

district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(1)-(2).[1]

The Court has authority to raise the issue of defective venue on its own motion because none of the defendants have been served with process and therefore have not waived the defense. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986); *see Ruiz v. Jolicover*, No. CV 07-743-PHX-DGC (JJM), 2007 WL 1159594, at *1 (D. Ariz. April 18, 2007) ("The Court may raise sua sponte the issue of venue when the defendants have not yet filed a responsive pleading and the time for doing so has not yet run.") (citing *Costlow*); *Holmes v. Barker*, No. CV-08-190-PHX-DGC, 2008 WL 5101825, at *2 (D. Ariz. Nov. 26, 2008) (same).

A review of the complaint makes clear that the District of Arizona is not the proper venue for this action. The alleged violations occurred in Kings County, New York, and all Defendants appear to reside in New York. Doc. 1-2 at 2. This action therefore should have been filed in the Eastern District of New York. *See Costlow*, 790 F.2d at 1488 (complaint should have been filed in Alaska rather than Washington because all defendants resided in Alaska and "virtually all of the activity providing the basis of the complaint took place in Alaska"); *see also* 28 U.S.C. § 112 (defining New York's judicial districts). Plaintiffs' assertion that they "cannot find fairness or justice in New York" does not cure this defect. Doc. 1 at 2.

When venue is improper, the Court has discretion to dismiss the action or, "in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see Cook v. Fox*, 537 F.2d 370, 371 (9th Cir. 1976). The Supreme Court has made clear that "when dismissal of an action for improper venue would terminate rights without a hearing on the merits because [the] plaintiff's action would be

---

[1] Among other claims, Plaintiffs assert violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Doc. 1. RICO's venue statute, 18 U.S.C. § 1965, similarly states that "[a]ny civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs."

barred by a statute of limitations, 'the interest of justice' requires that the cause be transferred." *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 430 n.7 (1965). If the Court were to dismiss this action without prejudice, a newly filed complaint may be barred by the statute of limitations. *See Anrig v. Ringsby United*, 603 F.2d 1319, 1326 (9th Cir. 1978) (noting that the dismissal of the action for improper venue would deprive the plaintiffs of an available remedy "due to the passage of time and the running of the statute of limitations"). The Court therefore concludes that "it is in the interest of justice and particularly appropriate to transfer" this action to the Eastern District of New York. *Holmes*, 2008 WL 5101825, at *2 (internal quotations and citation omitted).

**IT IS ORDERED** that pursuant to 28 U.S.C. § 1406(a), the Clerk is directed to transfer this case to the United States District Court for the Eastern District of New York for all further proceedings.

Dated this 24th day of August, 2020.

David G. Campbell
Senior United States District Judge